UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD, ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 18-cr-30060-SEM-TSH |
| JAMES T. PAYNE, | ) |
| Defendant. | ) |

**MOTION TO DISMISS**

Now comes the Defendant, James T. Payne, by his attorney, and pursuant to Rule 12(b)(3)(B)(ii), Fed.R.Crim.P., moves this Court for the entry of an Order dismissing Counts 1-5 of the Indictment as multiplicitous, and in support thereof, states as follows:

1.     Defendant is charged in a five count indictment with the offense of unlawful possession of child pornography in violation of Title 18 U.S.C. §§ 2252A(a)(5)(B) and 2253. (R. #1).

2.     As to each of the five counts, the indictment alleges that "on or about August 31, 2018, in Adams County, in the Central District of Illinois," the defendant…"did knowingly possess…a 4 GB Sandisk micro SD card, serial number 1117817348G285, that contains an image of child pornography…" (Count 1); …"did knowingly possess…a micro SD card, unknown brand, displaying words "Made in China" and marked in a white substance with letter the [sic] "C", that contains an image of child pornography…" (Count 2); …"did knowingly possess… a 4 GB Toshiba micro SD card, serial number 1333R05594P, that contains an image of child pornography…" (Count 3); …"did knowingly possess…a Sandisk micro SD card, partial serial number 0912004299S**9 (obstructed digits omitted), that contains an image of child pornography.." (Count 4); and "did knowingly possess…a 16 GB Sandisk micro SD card, serial number 5113CRDM51VI, that contains an image of child pornography…" (Count 5); all in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

3. Each of the SD cards that form the basis for the charges listed above was located in a safe in Mr. Payne's home in Quincy, Illinois. They were all found during a search of the safe conducted on August 31, 2018.

4. Mr. Payne contends that all five counts of the indictment are multiplicitous, in that all counts allege that on the same date, August 31, 2018, and in the same location, in Adams County, Central District of Illinois, he simultaneously possessed five separate electronic storage devices or media containing images of child pornography in violation of Title 18, U.S.C. §2252A(a)(5)(B).

5. It is well settled that an indictment is multiplicitous when it charges a single offense as separate counts. *United States v. Starks*, 472 F.3d 466, 468–69 (7th Cir. 2006). A multiplicitous indictment exposes the "defendant to the threat of receiving multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment." *Id.* at 469. To determine whether a given indictment contains multiplicitous counts, the court looks to the applicable criminal statute to see what the allowable "unit" of prosecution is—the minimum amount of activity for which criminal liability attaches. *United States v. Ajayi*, 808 F.3d

1113, 1123 (7th Cir. 2015); *United States v. Allender*, 62 F.3d 909, 912 (7th Cir.1995).

6.     If "the same statutory violation is charged twice, the question is whether the facts underlying each count were intended by Congress to constitute separate 'units' of prosecution." *United States v. Polouizzi*, 564 F.3d 142, 154 (2d Cir. 2009). Determining the unit of prosecution is "a matter of statutory interpretation." *United States v. Rentz*, 777 F.3d 1105, 1109, n. 4 (10th Cir. 2015) (*en banc*). If, after employing the usual tools of statutory interpretation, the court is left with a "grievous ambiguity or uncertainty" concerning the statute, the court must employ the rule of lenity. *Muscarello v. United States*, 524 U.S. 125, 139, 118 S.Ct. 1911, 141 L.Ed.2d 111 (1998). As the Supreme Court instructed in *Bell v. United States*, 349 U.S. 81, 84, 75 S.Ct. 620, 99 L.Ed. 905 (1955), if "Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses."

7.     Title 18 U.S.C. § 2252A(a)(5)(B) states in relevant part, "Any person who ... knowingly possesses ... any book, magazine, periodical, film, videotape, computer disk, or any other material

that contains an image of child pornography" shall be subject to the criminal penalties in question.

8. In *United States v. Elliott,* 937 F.3d 1310 (10th Cir. 2019), a case remarkably similar to the instant case, the Tenth Circuit held that the defendant's simultaneous possession of multiple electronic storage devices containing child pornography in a single location constituted a single offense under Title 18 U.S.C. §2252A(a)(5)(B). In *Elliott,* the defendant contended that because he possessed different electronic storage devices containing child pornography in the same physical location and at the same time, he could not be convicted of distinct possession counts for each device. To this end, he argued, the rule of lenity required a single possession conviction, because the statute is ambiguous as to whether the unit of prosecution is a single device containing child pornography or the simultaneous possession of multiple devices containing child pornography. *Id.* at 1312. On appeal, the Tenth Circuit agreed with the defendant's contention that the statute's unit of prosecution is ambiguous, and thus concluded that the rule of lenity requires that the Court construe § 2252A(a)(5)(B) to preclude distinct, separate charges for each electronic device or medium simultaneously possessed. *Id.* In

so ruling, the Court explained that because the statute, Title 18 U.S.C. § 2252A(a)(5)(B), contained the ambiguous modifier "any" preceding the enumerated list of storage devices on which images of child pornography are contained, that sufficient ambiguity existed as to require lenity in interpreting the unit of prosecution to preclude distinct and separate charges for each electronic device or medium that is simultaneously possessed. *Id.* As the Court stated, "use of the word 'any' in § 2252A allows both the conclusion that only one offense and two separate offenses occurred if a defendant possessed a book and a magazine containing child pornography. *See Oxford English Dictionary* (3d ed. 2016) (stating 'any' is 'used to refer to an unspecified number or quantity of a thing or things, no matter how much or how many'). The plain text of the statute itself thus does not clearly define the appropriate unit of prosecution." *Id.* at 1314.

9. Moreover, the Court in *Elliott* found that other tools of statutory interpretation (i.e., the statute's text, structure, purpose, history, and relationship to other statutes) fail to cure the ambiguity as to the appropriate unit of prosecution under § 2252A(a)(5). In fact, the Court noted that "neither party cites any informative

legislative history, nor have we found any. See Christina M. Copsey, *Comment, How Many is "Any"?: Interpreting § 2252A's Unit of Prosecution for Child Pornography Possession*, 62 Am. U.L. Rev. 1675, 1729-31 (2013) (discussing legislative history)." *Id.* at 1315, fn. 3. And finally, the Court flatly rejected the government's interpretation of Congress' intent for allowing prosecution of multiple counts and punishments for each storage device possessed under the statute by stating, "…the government's theory would expose a defendant who possesses five images of child pornography on separate devices to five counts—and a sentence of 100 years, § 2252A(b)(2)—even though a defendant who possesses the same five images on a single device would face only a single count. It seems implausible that Congress could have intended to punish an individual who possesses five images of child pornography on five different devices five times more severely as an individual who possesses the same five images on one device. Thus having exhausted the tools of statutory construction, we are left with grievous doubt as to the proper unit of prosecution and therefore conclude the rule of lenity applies." *Id.* at 1315.

10.   Furthermore, in other statutory contexts, both the United States Supreme Court and federal circuit courts of appeal have determined that a statute's use of the modifier "any" creates sufficient ambiguity to require lenity when interpreting other statutes in the face of multiplicity challenges.

11.   For example, in *Bell v. United States*, 349 U.S. 81, 82, 75 S.Ct. 620, 99 L.Ed. 905 (1955), the Supreme Court considered the Mann Act, Title 18 U.S.C. § 2421, which applies to the knowing transportation of "any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose." In that case, the Court held that the statute could be reasonably read to provide a unit of prosecution based on the number of transports or the number of women, and "the ambiguity should be resolved in favor of lenity." *Id.* at 83, 75 S.Ct. 620. A defendant thus could not be convicted on two separate counts for making a single trip with two women. *Id.* Similarly, in *Ladner v. United States*, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958), the Supreme Court applied the rule of lenity to a statute that criminalizes interference with "any person" engaged in official federal duties. *Id.* at 170 n.1, 178, 79 S.Ct. 209 (quoting 18 U.S.C. § 254 (1940)). "If Congress desires to

create multiple offenses from a single act affecting more than one federal officer," the Court held, "Congress can make that meaning clear." *Id.* at 178, 79 S.Ct. 209.

12. Several circuits have also recognized that the modifier "any" creates ambiguity between the singular and plural. *See United States v. Polouizzi,* 564 F.3d 142, 154-55 (2d Cir. 2009). ("[T]he word 'any' ... has typically been found ambiguous in connection with the allowable unit of prosecution, for it contemplates the plural, rather than specifying the singular"; *United States v. Chilaca,* 909 F.3d 289, 295 (9th Cir. 2018) (distinguishing between the phrases and noting other courts' holdings that "language criminalizing 'any' prohibited images is ambiguous as to the allowable unit of prosecution"); *United States v. Kinsley,* 518 F.2d 665, 667 (8th Cir. 1975) (aggregating cases and explaining the word " 'any' may be said to fully encompass (i.e., not necessarily exclude any part of) plural activity").

13. And finally, in the context of Title 18 U.S.C. § 922(g)(1) and § 922(j), the Seventh Circuit, relying on the Supreme Court's ruling in *Bell v. United States, supra,* has held that when a defendant's possession of multiple firearms is simultaneous and

undifferentiated, the government may only charge that defendant with one violation of being felon in possession of firearm and receiving stolen firearms, regardless of the actual quantity of firearms involved. *United States v. Buchmeier*, 255 F.3d 415, 421-23 (7th Cir. 2001); *McFarland v. Pickett*, 469 F.2d 1277, 1278 (7th Cir. 1972); *United States v. Oliver*, 683 F.3d 224, 232-33 (7th Cir. 1982).

14.   Accordingly, for all of the foregoing reasons, Defendant respectfully requests that this Court dismiss Counts 1-5 of the Indictment as multiplicitous.

WHEREFORE, Defendant requests the entry of an Order dismissing Counts 1-5 of the Indictment as multiplicitous.

Respectfully submitted,

JAMES T. PAYNE, Defendant,

By:   s/ Thomas W. Patton
Thomas W. Patton
Federal Public Defender
401 Main St., Suite 1500
Peoria, Illinois 61602
Telephone: (309) 671-7891
Fax: (309) 671-7898
E-mail: thomas_patton@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Victor Yanz
Assistant United States Attorney
Office of the U.S. Attorney
318 South Sixth Street
Springfield, IL 62701-1806

By: s/ Thomas W. Patton
Thomas W. Patton
Federal Public Defender
401 Main St., Suite 1500
Peoria, Illinois 61602
Telephone: (309) 671-7891
Fax: (309) 671-7898
E-mail: thomas_patton@fd.org